<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | September 8, 2021 | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |
|---|---|---|

Machli Joseph
20 Oakwood Place
Elizabeth, NJ 07208
*Pro Se Defendant*

Blake Coppotelli, Esq.
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for Plaintiff*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

    Re:    *United States v. Machli Joseph*
             **Crim. No. 21-00334 (SDW)**

Litigants:

    Before this Court is Defendant Machli Joseph's Petition for Early Release from Probation (the "Petition"). (D.E. 4.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's Petition.

<u>**DISCUSSION**</u>

A.

    On January 17, 2018, Defendant pleaded guilty to one count of conversion and misappropriation concerning a program receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A). (Presentence Investigation Report ("PSR") at 4.) On June 21, 2018, the Honorable Paul A. Crotty, a United States District Judge for the Southern District of New York, sentenced Defendant to 20 months' imprisonment, three years' supervised release, a $100 special assessment, $787,194.13 in restitution, and various special conditions. (Elisa Martinez, July 28, 2021 United

States Probation Office Letter ("Probation Letter") at 1); *see also United States v. Joseph*, Crim. No. 17-408 (S.D.N.Y. 2017).

On or about April 21, 2021, jurisdiction over Defendant's supervised release was transferred from the Southern District of New York to the District of New Jersey. (D.E. 1 (Crim. No. 21-00334).) On July 8, 2021, Defendant filed his letter requesting early termination of supervised release. (D.E. 4.) Defendant's letter stated that he has been "compliant" with the terms of his supervision and had "fulfilled every aspect of [his] probation," all while working on coursework, spending time with his family, and taking on community responsibilities. (*Id.*) On July 28, 2021, the United States Probation Office filed a letter stating that Defendant met the minimum statutory requirement for early termination of supervision. (Probation Letter at 2.) On August 27, 2021, the Government opposed, arguing that the "serious nature and circumstances underlying [Defendant's] offense" merited the remaining 19 months of supervision. (Blake Coppotelli, August 27 2021 Letter ("Government Letter") at 2.)

B.

Pursuant to 18 U.S.C. § 3583(e), a defendant may request early termination of a term of supervised release. *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). Prior to such a request, according to the Guide to Judiciary Policy, Vol. 8, Ch. 3, Section 360.20(c), the defendant must first satisfy the following minimum statutory factors:

> (1) The person does not meet the criteria of a career drug offender or career criminal as described in 28 U.S.C. § 994(h) or has not committed a sex offense or engaged in terrorism; (2) The person presents no identified risk of harm to the public or victims; (3) The person is free from any court-reported violations over a 12-month period; (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) The person is in substantial compliance with all conditions of supervision; and (6) The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

If the defendant meets these minimum statutory factors, a district court must next consider the Section 3553 sentencing factors, which include:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018) (citing 18 U.S.C. § 3553(a)). However, the court need not "make specific findings of fact with respect to each of these factors." *Melvin*, 978 F.3d at 52-53. Instead, "a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 53 (internal quotation marks and citation omitted). Once the court has considered the Section 3553 factors, it may grant early termination if it finds that such relief is "warranted by the defendant's conduct and is in the interest of justice." *Id*. at 52 (citing 18 U.S.C. § 3583(e)(1)). Additionally, under 18 U.S.C. § 3583(e)(1), a defendant must have served at least one year of the supervised-release term for the court to grant the requested relief.

C.

Here, the applicable sentencing factors weigh against granting Defendant's request for early termination of supervision.

First, Defendant fails to meet his burden of offering this Court a justification for terminating his supervision early. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). On September 18, 2020, Defendant was placed on a low-intensity case load. (*Id.* at 1.) Given the low burden of complying with the terms of his supervised release, Defendant has failed to justify why the interests of justice support waiving the remaining term of oversight. Defendant mentions his attempts to reintegrate but fails to explain how an early end to his low-burden supervision would assist in these attempts. (D.E. at 1.) Additionally, although Defendant has apparently otherwise complied with the terms of his supervision, a credit report run on July 28, 2021 demonstrated that Defendant had "opened additional credit accounts without the permission of the U.S. Probation Office," in violation of the special conditions of his supervision. (Probation Letter at 1.)

Further, this Court cannot conclude that Defendant's search for employment outweighs the Section 3553 factors that counsel in favor of serious punishment for financial crimes. Section 3553 examines a defendant's history and characteristics, and the nature and circumstances of a defendant's offense. *See* 18 U.S.C. § 3553(a)(1).

Although Defendant's offenses were non-violent, his crimes targeted a federally funded institution. (*See generally* PSR.) While employed as a director and coach within Baruch College's athletics department, Defendant misappropriated more than $590,000 over the course of six years. (PSR at 4-6.) Defendant took these actions while serving as an agent for the college. (*Id*.) The misappropriated funds were transferred into bank accounts that Defendant controlled and used for personal expenses. (*Id*.) As described by the Department of Justice, "[o]n numerous occasions between 2010 and 2016," Defendant "rented the gym to outside parties, ostensibly on behalf of Baruch College … [and] directed that payment be made to entities that were not, in fact, connected to Baruch College [but] were entities with bank accounts over which [Defendant] had personal control, some of which merely sounded like Baruch-affiliated entities." Department of Justice June 21, 2018 Press Release (last accessed Sept. 3, 2021), https: //www. justice. gov/usao-sdny/ pr/former-baruch-college-basketball-coach-and-athletics-official-sentenced-20-months. "Many of these funds were ultimately spent on personal expenses and items for [Defendant] and his family, including renovations to his home in New Jersey." *Id*. Throughout his sentencing, (*see* PSR), Defendant seems to have asserted an unconvincing "'everyone is doing it' defense." *See*

3

*United States v. Addison*, 708 F.3d 1181, 1191 (10th Cir. 2013); (PSR at 10, ¶ 33.)  In addition to the misappropriation addressed in this case, Defendant was separately investigated by the National Collegiate Athletic Association for violations of rules related to financial aid and payments to student athletes.  (PSR at 18-19, ¶ 90.)  This, combined with the fact that sentencing enhancements were not seemingly added to Defendant's initial sentence in this case, suggests that Defendant should serve out his initial sentence as it was imposed.  *Cf. United States v. George*, 841 F.3d 55, 66 (1st Cir. 2016); *United States v. Kranovich*, 141 F. App'x 546, 547 (9th Cir. 2005).  All told, given the seriousness of Defendant's crime, early termination of supervision would be inappropriate.

Additionally, Defendant still has an outstanding balance of $588,592.81 in restitution as of July 28, 2021.  (Probation Letter at 1.)  As a result, Section 3553(a)(6) weighs heavily in favor of Defendant continuing his term of supervised release, to ensure that Defendant continues repaying the misappropriated funds.  *See* 18 U.S.C. § 3553(a)(6); *United States v. Soto*, Crim. No. 20-585, 2020 WL 7090679, at *3 (D.N.J. Dec. 4, 2020) (denying defendant's motion where he "only paid a nominal portion towards his sizable restitution").  "Supervision of defendant is necessary to ensure that he makes as much satisfaction of his debts as is possible." *United States v. Hardesty*, Crim. No. 95-20031-01, 2002 WL 731705, at *1 (D. Kan. Apr. 2, 2002).  Finally, granting early termination would create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(5); *Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing").  Therefore, this Court will deny Defendant's motion for early termination of supervised release.

## **CONCLUSION**

For the foregoing reasons, Defendant's Petition is **DENIED**.  An appropriate order follows.

   /s/ Susan D. Wigenton  
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk  
cc:     Parties

4